UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

KIMBERLY R.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

21-CV-00079-LJV
DECISION & ORDER

───────────────────────────────

On January 15, 2021, the plaintiff, Kimberly R. ("Kimberly"), brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2] Docket Item 1. On December 9, 2021, Kimberly moved for judgment on the pleadings, Docket Item 5; on May 7, 2022, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 6; and on June 22, 2022, Kimberly replied, Docket Item 7.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Kimberly applied for Supplemental Security Income ("SSI"). SSI is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both disability insurance benefits ("DIB") and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. See 20 C.F.R §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court grants Kimberly's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

**DISCUSSION**

Kimberly raises one simple argument: that the ALJ's residual functional capacity ("RFC")[4] determination was not supported by substantial evidence. Docket Item 5-1. More specifically, she argues the ALJ's finding that she would be off task five percent of the workday was not supported by any medical opinion evidence and instead was based only on the ALJ's lay interpretation of the raw medical data. *Id.* at 10-15. This Court agrees that the ALJ erred and, because that error prejudiced Kimberly, remands the matter to the Commissioner.

For claims filed on or after March 27, 2017, such as Kimberly's, an ALJ must articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record" when crafting a claimant's RFC. 20 C.F.R. § 416.920c(b). The RFC does not need to match exactly any opinions in the record, *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), but "the ALJ cannot arbitrarily substitute [her] own judgment for competent medical opinion . . . [or] set [her] own expertise against that of a physician who [submitted an opinion to or] testified before [her]." *McBrayer v. Sec. of Health & Human Sevs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see Colegrove v. Comm'r of Soc. Sec.*, 399 F. Supp. 2d 185, 191 (W.D.N.Y. 2005).

---

[4] A claimant's RFC "is the most [she] can still do despite [her] limitations," 20 C.F.R. § 416.945, "in an ordinary work setting on a regular and continuing basis," *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 86-8, 1986 WL 68636, at *8 (Jan. 1, 1986)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

In Kimberly's case, the ALJ crafted an RFC that included a highly specific limitation: Kimberly could perform work that would allow her to be off task five percent of the workday.  Docket Item 4 at 21.  But the ALJ did not cite any opinions or medical evidence to support that specific limitation, and the ALJ appears to have fashioned it from whole cloth.  As this Court has held repeatedly, that was error.

For example, in *Elder v. Comm'r of Soc. Sec.*, 2019 WL 6320355 (W.D.N.Y. Nov. 26, 2019), this Court remanded because "nothing in the record support[ed] the ALJ's specific RFC determination that Elder would be off task for no more than 'five minutes . . . per hour.'"  2019 WL 6320355, at *5.  Likewise, in *Tara W. v. Comm'r of Soc. Sec.*, 2021 WL 4316824 (W.D.N.Y. Sept. 23, 2021), this Court remanded when the ALJ found that the "[p]laintiff can be off task 5% of the day" but "failed to explain *where* that specific percentage of 5% came from, or why he assessed that percentage as opposed to one higher or lower . . . .").  2021 WL 4316824, at *3 (emphasis in original) (citing *Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014) (summary order)); *see also Wouters v. Comm'r of Soc. Sec.*, 2020 WL 2213896, at *3 (W.D.N.Y. May 7, 2020) (remanding where ALJ did not "point to any evidence in the record suggesting why [the p]laintiff would be off-task for [5% of the] time."); *Annis v. Comm'r of Soc. Sec.*, 2019 WL 6875231, at *10 (W.D.N.Y. Dec. 17, 2019) (finding that the ALJ did not have "good reasons" to support a specific mental RFC determination that the plaintiff would be off task for no more than 5% of the workday).

In other words, "[s]pecific RFC assessments," including "percentage of time spent off task during a workday, must be based on evidence in the record, not on an 'ALJ's surmise.'"  *See Tara*, 2021 WL 4316824, at *3 (quoting *Cosnyka v. Colvin*, 576 F.

App'x 43, 46 (2d Cir. 2014) (summary order)).   And without a "tether" between the specific limitation and the medical record, *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018), this Court cannot perform its required meaningful review of the ALJ's decision.  *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)) (holding that an ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, so that ' . . . a reviewing court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'"); *see also Laura C. v. Comm'r of Soc. Sec.*, 529 F. Supp. 3d 64, 71 (W.D.N.Y. 2021) (finding that meaningful judicial review was precluded where the Court was "left to speculate" as to the ALJ's reasoning).

What is more, the ALJ's error here was not harmless.  The vocational expert testified during the hearing that a hypothetical individual with Kimberly's impairments would be unable to perform the full range of medium work if she were off task six minutes per hour or ten percent of the workday.  *See* Docket Item 4 at 56-57.  So "[a]t best, . . . the ALJ's conclusion c[ame] from whole cloth" and "[a]t worst, [it] responds to the vocational expert's testimony" that more time off task would mean that Kimberly could not perform the work that the RFC found she could.  *See Elder*, 2019 WL 6320355, at *6; *Annis*, 2019 WL 5875231, at *11; *see also Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) ("Because there is no substantial evidence for the ALJ's six-minute per hour formulation, and this formulation was crucial to the vocational expert's conclusion that there were jobs [the plaintiff] could perform, we cannot uphold the ALJ's decision to reject [his] claim for benefits.").

In sum, the ALJ erred in formulating a specific RFC limitation that finds no support in the record, and that error was not harmless.  On remand, the ALJ must fashion an RFC that is based on evidence in the record and not on her own surmise. *See Tara W.*, 2021 WL 4316824, at * 4*.*

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 6, is DENIED, and Kimberly's motion for judgment on the pleadings, Docket Item 5, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:     December 12, 2022
           Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE